

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3662 | **DATE** | 7/22/2004 |
| **CASE TITLE** | Michelle Wilson vs. SSA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the plaintiff's and defendant's cross-motions for summary judgment are denied and the Court hereby remands this matter back to the appropriate Administrative Law Judge to conduct proceedings in accordance with this Court's memorandum Opinion dated 07/22/04. All pending dates and motions are hereby stricken as moot. This matter is hereby ordered remanded back to the Commissioner for Social Security. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JUL 2 3 2004 | 19 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MW | courtroom deputy's initials | CLERK, U.S. DISTRICT COURT 2004 JUL 22 PM 8: 12 Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MICHELLE WILSON, )
)
Plaintiff, )
)
v. ) No. 03 C 3662
)
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION, )
)
Defendant. )

**DOCKET⌐**

**JUL 2 3 2004**

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Michelle Wilson's ("Wilson")
motion for summary judgment and Defendant Commissioner of Social Security Jo
Anne B. Barnhart's ("SSA") cross-motion for summary judgment. For the reasons
stated below, we deny both motions and remand this case to the appropriate
Administrative Law Judge ("ALJ") for proceedings in accordance with this opinion.

## BACKGROUND

Wilson has filed this action for review of the decisions of an ALJ ("ALJ") and
subsequent Appeals Council which upheld the Social Security Agency's denial of
Wilson's claim for Supplemental Security Income Benefits ("SSI") based on an

1

19

alleged disability. Specifically, Ms. Wilson alleges that her disability "is a result of episodic and exertion-related asthma attacks" which are precipitated by such irritants as dust, air conditioning, perfumes, fumes, snow, extremes of temperature, pollen, plants, and cooking smoke. (Plaintiff's statement of facts, p. 2) Wilson also claims that she cannot stand up for long, gets short of breath even when sitting, and must use inhalers multiple times in a day as well as a nebulizer for a period of fifteen to twenty minutes four to six times a day. (Plaintiff's statement of facts, p. 2-3)

The record indicates that Wilson was twenty-six years of age when she filed her application for SSI, (Tr. 87) having an eleventh grade education and a brief work history which includes employment as a cook and laundry worker. (Tr. 99, 104) Wilson's treating physician testified, at her administrative hearing, that Wilson was indeed unable to work, as she suffered from recurrent attacks and even mild exertion could cause her to experience difficulty breathing. (Tr. 280) The ALJ, however, rejected this testimony upon her finding that the physician was presumably unaware of exacerbating factors in Wilson's home and under Wilson's control, such as the presence of second-hand cigarette smoke, which Wilson could have remedied but did not. Furthermore, based upon the testimony of the vocational expert ("VE"), there was a significant number of jobs which Wilson could hold. After an adverse finding by the ALJ, Wilson brought this action.

2

## LEGAL STANDARD

A reviewing court will uphold an ALJ's decision if it is supported by "substantial evidence" in the record and the ALJ applied the correct legal standards. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). When determining if substantial evidence exists, the court must review the record as a whole but is not allowed to substitute its judgment for the ALJ's by "reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Williams v. Apfel*, 179 F.3d 1066, 1071-72 (7th Cir. 1999). Deference should be given to an ALJ's determinations relating to credibility and should be reversed only if the determinations are "patently wrong." *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000) (quoting *Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990)). By contrast, the ALJ's legal conclusions are reviewed de novo. *Aidinovski v. Apfel*, 27 F.Supp.2d 1097, 1101 (N.D. Ill. 1998). The ALJ must provide some explanation that would allow the parties to understand his reasoning for his decision. *See Clifford*, 227 F.3d at 872 (stating that an ALJ "must build an accurate and logical bridge from the evidence to his conclusion."). Further, in reviewing the decision, the court must confine its review to the explanation and reasoning given by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002).

# DISCUSSION

The SSA employs a five-step process to evaluate applicants for federal disability benefits. First, if an applicant is engaged in substantial gainful employment, that applicant does not qualify for disability insurance. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Second, if the applicant does not have a sufficiently severe physical or mental impairment, the SSA will deny disability insurance. *Id.* Third, if the applicant's impairment or combination of impairments satisfies or is medically equivalent to one of a series of enumerated disability "listings," the SSA will find that the applicant is disabled. *Id.* Fourth, the SSA calculates the applicant's "residual functional capacity" ("RFC") with the impairment, and if the SSA finds that the applicant can still perform the same relevant work after the impairment as before, the SSA will deny benefits. *Id.* Finally, using the same RFC along with the applicant's age, education, and work experience, the SSA determines whether the applicant can adjust to other work, in which case the SSA will deny disability insurance. *Id.*

This process is structured so that if an applicant satisfies steps one through three, the inquiry ends and the SSA finds the applicant disabled. *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995). However, if the applicant satisfies the first two steps but does not satisfy the third, the inquiry proceeds to the fourth and, possibly, fifth steps. *Id.*

In the instant case, the ALJ ruled against Wilson at steps three and five,

4

finding that the severity of Wilson's claimed impairment did not meet or equal a listed impairment, and that Wilson was able to perform many available jobs despite her alleged handicaps.

The issue before us is whether the ALJ's finding that Wilson was therefore not disabled was supported by substantial evidence in the record. With respect to the degree of specificity required, it is well established in this circuit that "the ALJ's decision must be based upon consideration of all the relevant evidence," and "the ALJ must articulate at some minimal level his analysis of the evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994); *Ray v. Bowen*, 843 F.2d 998, 1002 (7th Cir. 1988); *Orlando v. Heckler*, 776 F.2d 209, 213 (7th Cir. 1985).

Wilson charges that the ALJ has mis-characterized and ignored evidence, and that her decision is unsupported by any evidence, "substantial or other wise. [sic]" (P's Mot p.2). Wilson contests the ALJ's finding that her impairment was not sufficiently severe so as to meet or equal a listed impairment. Second, Wilson contests the ALJ's outright rejection of the testimony of Wilson's treating physician. Third, and finally, Wilson challenges the ALJ's "Step five" finding that Wilson could hold many jobs, based on the testimony of the VE.

## II. Severity Of The Impairment

The ALJ's findings with respect to "severity" of Wilson's impairment hinge largely on the claimant's testimony as to his or her degree of suffering. Thus, the

issue of severity and credibility are inextricably linked. In essence, the ALJ's finding in this case was that Wilson's condition is a significant handicap, but not so severe that she is unable to hold a job as a "disabled" person under the Social Security Act. The ALJ's finding in this regard relies heavily on her credibility finding with respect to Wilson. When reviewing a denial of benefits, an ALJ's determination of credibility "is afforded special deference because the ALJ is in the best position to see and hear the witness and determine credibility." *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000)(citing *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000)). Thus, if such a determination is supported by the record and not "patently wrong," it will not be disturbed by a reviewing court. *Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995); *Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993). Also, "an ALJ may not select and discuss only that evidence that favors his ultimate conclusion, but must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz*, 55 F.3d at 308.

We cannot find that the ALJ's credibility findings were patently wrong. The ALJ explained that Wilson admitted to being able to engage in various physical activities. Wilson stated that she performs some household chores, including cleaning, laundry, and grocery shopping. Wilson states that she walked her children to school and volunteers at her children's school. Wilson also states that she goes to movies, eats out, and visits with family and friends. The ALJ indicated that Wilson also made inconsistent statements concerning the limitation of her alleged disability.

Such a conclusion is supported by the record. While, the ALJ noted that Wilson exacerbated her condition by inhaling second hand smoke and having a cat as a pet, the ALJ did not rely on such matters in forming her opinion. Therefore, we do not find that the ALJ erred in regards to the severity or credibility determinations.

### III. Rejection Of Dr. DeLeon's Testimony

The testimony of a physician "regarding the nature and severity of an impairment *will be given controlling weight* if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case." (emphasis added) *Shramek v. Apfel*, 226 F.3d 809, 814 (7th Cir. 2000); 20 C.F.R. § 404.1527(d)(2). Additionally, a statement by a medical source that a claimant is "disabled" or "unable to work" does not require a finding of disability, and such a statement is not afforded any "special significance." 20 C.F.R. § 416.927(e)(1) and (3). In the instant action SSA claims the ALJ rejected the opinion of Dr. DeLeon, Wilson's treating physician, because "there was no indication that Dr. DeLeon was aware of the extent to which Plaintiff's daily activities and living situation suggested her symptomology was not as severe as she claimed . . . ." (D Mot, p. 11). Even the SSA concedes that the ALJ's rejection was based, at least in part, not on any actual inconsistency with other evidence, but rather, was based on the ALJ's speculation that the doctor might have been unaware of something relevant. (D Mot 11). We find that the ALJ erred in

disregarding Dr. DeLeon's testimony, based upon the ALJ's own speculation. An ALJ is required "to develop a full and fair record." *Howell v. Sullivan*, 950 F.2d 343, 348-49 (7th Cir. 1991). Therefore, if the ALJ decides to discount Dr. DeLeon's opinion because Dr. DeLeon did not fully comprehend Wilson's background, the ALJ should seek to develop the record first to see if the evidence supports such a conclusion.

## IV. Jobs Wilson Could Hold and Finding Of Non-Disability

In a case such as this, the claimant bears the burden of demonstrating his or her disability through the first four steps of the aforementioned analysis, and upon the satisfaction of step four, the burden shifts to the SSA to establish "that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995); *Pope*, 998 F.3d at 477; *Lee v. Sullivan*, 988 F.2d 789, 792 (7th Cir. 1992). As to the hypothetical questions, it is required that they "must fully set forth the claimant's impairments to the extent that they are supported by the medical evidence in the record." *Herron*, 19 F.3d at 337; *Cass v. Shalala*, 8 F.3d 552, 556 (7th Cir. 1993); *Ehrhart v. Secretary of Heath and Human Services*, 969 F.2d 534, 540 (7th Cir. 1992).

SSA argues generally that its burden has been met, in that the hypothetical questions posed to the VE by the ALJ "included the limitations the ALJ found credibly supported by the record as a whole." (Defendant's Motion for Summary

8

Judgment, p. 12). The hypothetical questions were not comprehensive with respect to the irritants which may trigger exacerbations of her condition. (P's Mot, p. 10-11). Also, the hypothetical questions did not address claimant's difficulties even with "mild exertion," which her physician testified caused her shortness of breath, and which would almost certainly be required in most jobs. Similarly, Wilson's stated need for multiple daily nebulizer treatments was not considered. In conclusion, in order for us to uphold the ALJ's finding in this matter, the hypothetical questions posed to the VE must include consideration of all limitations unless the record demonstrates that the omitted limitations are based upon incredible claims. Thus, they must be either included in the hypothetical questions or the ALJ must provide a more sufficient explanation for her finding that they are incredible claims.

## CONCLUSION

Based on the foregoing analysis, we deny the motions for summary judgment and remand this case to the ALJ for proceedings in accordance with this opinion.


Samuel Der-Yeghiayan
United States District Court Judge


Dated: July 22, 2004